UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA QUINTERO McCOLLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC MARITIME ASSOCIATION; PACIFIC MARITIME ASSOCIATION, INC.; APM TERMINALS PACIFIC LLC; APS STEVEDORING, LLC; BENICIA PORT TERMINAL COMPANY; CERES TERMINALS INCORPORATED; CRESCENT CITY MARINE WAYS & DRYDOCK COMPANY, INC.; EAGLE MARINE SERVICES, LTD.; EVERPORT TERMINAL SERVICES, INC.; HARBOR INDUSTRIAL SERVICES CORPORATION; INNOVATIVE TERMINAL SERVICES INC.; INTERNATIONAL TRANSPORTATION SERVICE INC.; KINDER MORGAN BULK TERMINALS LLC; LBCT, LLC; MARINE TERMINALS CORPORATION; MARINE TERMINALS CORPORATION OF LOS ANGELES; MATSON NAVIGATION COMPANY, INC.; MATSON TERMINALS, INC.; METROPOLITAN STEVEDORE COMPANY; OCEAN TERMINAL SERVICES, INC.; PACIFIC CRANE MAINTENANCE COMPANY LP; PACIFIC RO-RO; STEVEDORING, | Case No. 3:25-CV-2372-GPC-MSB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[ECF Nos. 7, 8] |

|   |   |
|---|---|
| 1 | LLC; PASHA STEVEDORING & TERMINALS LP; PORT MAINTENANCE GROUP; SSA MARINE, INC.; SSA TERMINALS, LLC; TERMINAL EQUIPMENT SERVICES, INC.; TOTAL TERMINALS INTERNATIONAL, LLC; TRANSPAC TERMINAL SERVICES, LLC; TRAPAC, LLC; YUSEN TERMINALS, INC.; and DOES 1 through 100, inclusive, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | Defendants. |

This case concerns alleged wage and hour violations towards various dockworkers employed by Defendants. Defendants have filed two, separate motions to dismiss on independent grounds. The first is a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule")[1] 12(b)(6) and strike Plaintiff's complaint pursuant to Rule 11. ECF No. 7. The second is a motion to dismiss pursuant to the first-to-file rule or, in the alternative, to transfer this case to the Northern District of California. ECF No. 8. Plaintiff filed a response in opposition to Defendants' first motion to dismiss on November 21, 2025, ECF No. 10, to which Defendants replied on December 12, 2025, ECF No. 12. Plaintiff did not oppose Defendants' motion to dismiss on first-to-file grounds. Instead, Plaintiff filed a notice of related case and requested that the Court transfer the case to the Northern District of California. ECF No. 14. The Court finds that the matter is appropriate for decision without oral argument pursuant to Local Civ. R. 7.1(d)(1) and the January 23, 2026, hearing is hereby vacated. For the reasons explained below, the Court GRANTS Defendants' motion to dismiss based on the first-to-file rule.

## BACKGROUND

Plaintiff is a former longshore worker who worked at the National City Marine Terminal between October 2006 and July 2024. ECF No. 1-2, ¶ 6. Defendant Pacific Maritime Association ("PMA") is a California non-profit mutual benefit corporation

---

[1] "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.

whose members include more than fifty for-profit companies who employ dockworkers. ECF No. 8-1, at 9. The other named Defendants are member companies of PMA that operate as freight, operations, and logistics companies throughout the West Coast ports in California. ECF No. 1-2, ¶ 7; ECF No. 8-1, at 7.

On April 10, 2025, Plaintiff filed her complaint alleging wage and hour violations against Defendants in the Superior Court of California in the County of San Diego. ECF No. 1-2, at 2. Plaintiff filed her action individually and behalf of all others similarly situated, with the class members defined as "[a]ll persons who are or have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution." ECF No. 1-2, ¶ 10. In the complaint, Plaintiff alleges that Defendants failed to pay employees minimum and overtime wages; failed to provide meal periods or compensation in lieu thereof; failed to provide rest periods or compensation in lieu thereof; failed to indemnify business expenses; failed to provide itemized wage statements; failed to pay timely wages upon separation; and violated of California Business & Professions Code § 17200. *Id.* ¶¶ 44-89.

Plaintiff's complaint is one of several class-action lawsuits filed against Defendants asserting violations of California's labor laws, the majority of which are pending in California state court. *See* ECF No. 8-1, at 7.

On September 11, 2025, Defendants removed this action to this Court on the basis of diversity jurisdiction. ECF No. 1, at 6. On October 17, 2025, Defendants filed two motions to dismiss. The first is a motion to dismiss pursuant to Rule 12(b)(6) and a motion to strike Plaintiff's complaint pursuant to Rule 11. ECF No. 7. The second is a motion to dismiss—or, alternatively, to transfer—under the first-to-file rule. ECF No. 8.

Defendants' motion to dismiss pursuant to the first-to-file rule alleges that Plaintiff's case is duplicative of *Jasmine Phillips v. Pacific Maritime Association, et al.*, No. 4:24-cv-03241-JST, a class action pending in the Northern District of California

before U.S. District Court Judge Jon S. Tigar. *See generally* ECF NO. 8-1. The *Phillips* complaint was filed in state court on February 18, 2025. ECF No. 8-1, at 13. On April 10, 2025, the *Phillips* defendants—who, as here, consist of PMA and several of its member companies—removed the action to federal court. ECF No. 8-1, at 13-14. On April 17, 2025, the *Phillips* defendants filed a motion to dismiss plaintiff's complaint, which Judge Tigar granted with leave to amend on June 20, 2025. *See Phillips*, No. 4:24-cv-03241-JST, Dkt. Nos. 8, 23. Judge Tigar has also denied the *Phillips* plaintiff's motion to remand to state court. *Phillips*, No. 4:24-cv-03241-JST, Dkt. No. 22. The *Phillips* plaintiff has now filed a first amended complaint, and the case remains pending in the Northern District of California. *Phillips*, No. 4:24-cv-03241-JST, Dkt. No. 30.

Plaintiff filed a response in opposition to Defendants' 12(b)(6) motion on November 21, 2025, ECF No. 10, to which Defendants replied on December 12, 2025, ECF No. 12.

Plaintiff did not file an opposition to Defendants' motion to dismiss pursuant to the first-to-file rule. Plaintiff instead filed a "notice of related case and request to transfer," referencing the same case identified by Defendants—*Phillips v. Pacific Maritime Association*—and requesting a transfer to Judge Tigar's docket in the Northern District of California. ECF Nos. 13, 14.

## LEGAL STANDARD

Given that Plaintiff has not opposed the motion to dismiss based upon the first-to-file rule, the Court will confine itself to addressing this motion.

The first-to-file rule is a "recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (citing *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 749 (9th Cir. 1979)). The rule was developed to "serve[] the purpose of promoting efficiency well," and, while application of the rule is

discretionary, it "should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625, 628 (9th Cir. 1991) (quoting *Church of Scientology*, 611 F.2d at 750). The first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Id*. at 623.

In determining the applicability of the first-to-file rule, courts look to three factors: (1) the chronology of the lawsuits, (2) the similarity of the parties, and (3) the similarity of the issues. *See id.* at 625. The "rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc.*, 678 F.2d at 95. Exceptions to the first-to-file rule include where the filing of the first suit evidences bad faith, anticipatory suits, and forum shopping. *Alltrade*, 946 F.2d at 628. Moreover, a court may, in its discretion, decline to apply the first-to-file rule in the interests of equity or upon a demonstration of prejudice. *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010); *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). When applying the first-to-file rule, courts should be driven to maximize "economy, consistency, and comity." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999).

## DISCUSSION

The Parties do not dispute the related nature of *Phillips* and the instant *McColley* action. ECF Nos. 8, 13. Indeed, Plaintiff has stated that "[t]his matter and the *Phillips* action potentially overlap in many respects in terms of parties, subject matters, causes of action, class definitions, and time periods." ECF No. 114, at 3. However, Defendant argues that the first-to-file rule warrants dismissal, while Plaintiff requests a transfer without any acknowledgement of either the first-to-file rule or Defendants' arguments in favor of dismissal. ECF Nos. 8, 13. Thus, the Court will first analyze the propriety of applying the first-to-file rule in this case. It will then consider whether dismissal or transfer is more appropriate.

/ / /

### I. Application of the First-to-File Rule Is Proper

In considering the chronology, similarity of the parties, and similarity of the claims between the *McColley* and *Phillips* actions, the Court determines that application of the first-to-file rule is appropriate.

### A. Chronology

Courts should consider applying the first-to-file rule where the instant action was filed later in time. *Alltrade*, 946 F.2d at 625. Here, *Phillips* was indisputably filed first in state court on February 18, 2025 and, on April 10, 2025, it was removed to federal court. *Phillips*, No. 4:24-cv-03241-JST, Dkt. No. 1. This action was filed in state court on April 10, 2025, and removed on September 11, 2025. ECF No. 1. Thus, chronology favors an application of the first-to-file rule.

### B. Similarity of Parties

To warrant application of the first-to-file rule, the parties need not be identical. *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). Rather, substantial similarity suffices. *Id.* Substantial similarity is "satisfied if some of the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Mack v. Amazon.com, Inc.*, No. 17-cv-02515-ABR-AOX, 2017 WL 8220436, at *2 (C.D. Cal. Sept. 19, 2017).

Here, the Defendants are nearly identical. Plaintiff's complaint lists PMA and several of its member companies, totaling 32 Defendants. ECF No. 1-2, at 2-3; ECF No. 8-1, at 7. However, Defendants allege that two listed Defendants are duplicative misnomers of other existing Defendants.[2] The Court further finds that one additional

---

[2] Defendants allege that Defendant Pacific Maritime Association was also erroneously sued as Pacific Maritime Association, Inc., and that Defendant Marine Terminals Corporation was also erroneously sued as Marine Terminals Corporation of Los Angeles. ECF No. 7-1, at 9 n.1.

listed Defendant appears to be an error.[3] Without considering the seemingly erroneous Defendants, Plaintiff's complaint lists only two Defendants not included in the *Phillips* complaint—Matson Terminals, Inc., and SSA Marine, Inc.[4] Even so, "[m]erely naming additional defendants in the second-filed action [does] not render the parties too dissimilar to apply the first to file rule." *Hill v. Robert's Am. Gourmet Food, LLC*, Case No. 13-cv-00696-YGR, 2013 WL 3476801, at *4 (N.D. Cal. July 10, 2013); *see also Ortiz v. Walmart, Inc.* No. 2:20-cv-05052-AB-KK, 2020 WL 5835323, at *3 (C.D. Cal. Sept. 18, 2020). Thus, the Court finds that the defendants in the two cases are substantially similar.

As to the similarity of the plaintiffs, where, as here, the cases involve class actions, "the classes, and not the class representatives, are compared." *Mack*, 2017 WL 8220436, at *2. The class definition in *Phillips* is as follows:

> [A] California class, defined as all individuals who are or previously were employed by [Defendants] and classified as non-exempt employees at any time during the period beginning four (4) years prior to the filing of the original Complaint and ending on the date as determined by the Court.

The class defined in the *McColley* action is:

> "All persons who are or have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution."

---

[3] Plaintiff's complaint lists "Pacific Ro-Ro; Stevedoring, LLC;"—resulting in the appearance of two separate Defendants—while the *Phillips* complaint lists "Pacific Ro-Ro Stevedoring, LLC," ECF No. 8-10, at 2, and Defendants refer to "Pacific Ro-Ro Stevedoring, LLC," ECF No. 7-1, at 9 n.1.

[4] However, this too seems to be an error. While SSA Marine, Inc. is not listed as a Defendant in the *Phillips* complaint, the *Phillips* complaint states that "Pacific Maritime Association's Board of Directors is composed of executives from these other Member Companies including, but not limited to Defendant SSA Marine." ECF No. 8-10, at 10.

As with the named defendants, the class definitions in the two cases are nearly identical and largely cover the same individuals. *See Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013) ("Courts have held that proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals."). Plaintiff has also acknowledged that "[b]oth the *McColley and Phillips* matters seek to represent a class of all non-exempt employees employed by Defendants." ECF No. 114, at 3.

Both cases involve non-exempt California dock workers suing PMA and several of its member companies based on alleged violations of California labor law. Thus, the Court finds there is substantial similarity between the parties involved in both cases, and the second requirement of the first-to-file rule is satisfied.

**C. Similarity of Issues**

Lastly, the Court finds that the causes of action in *McColley* and *Phillips* are essentially identical:

| **Causes of Action in *McColley*** | **Causes of Action in *Phillips*** |
|---|---|
| 1. Failure to pay wages and overtime wages | 1. Unlawful business practices in violation of Cal. Bus. & Prof. Code § 17200 |
| 2. Failure to provide meal periods | 2. Failure to pay minimum wages |
| 3. Failure to provide rest periods | 3. Failure to pay overtime wages |
| 4. Failure to indemnify necessary business expenses | 4. Failure to provide meal periods |
| 5. Failure to provide accurate itemized wage statements | 5. Failure to provide rest periods |
| 6. Failure to timely pay wages upon separation | 6. Failure to provide accurate itemized wage statements |
| 7. Unfair business practices in violation of Cal. Bus. Prof. Code § 17200 | 7. Failure to indemnify necessary business expenses |

Though it appears that the *McColley* Plaintiff has raised an additional claim not covered by the *Phillips* complaint—failure to timely pay wages upon separation, ECF No.

1-2, at 21—the *Phillips* complaint consolidates that allegation within its "failure to pay minimum wages" cause of action. *See* ECF No. 8-10, ¶ 103 ("To the extent minimum wage compensation is determined to be owed to [class members] who have terminated their employment, [Defendants'] conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these [class members]."). Indeed, Plaintiff herself has noted that: "both plaintiffs allege class action claims against Defendants, which include but are not limited to: (1) unpaid overtime; (2) unpaid minimum wages; (3) unpaid meal period penalties; (4) unpaid rest period penalties; (5) penalties for noncompliant wage statements; (6) *waiting time penalties*; (7) expense reimbursements, and (8) unfair business practices." ECF No. 14, at 3 (emphasis added).

While "the issues need not be identical for this factor to be satisfied," the issues in *Phillips* and *McColley* seemingly are identical. *Ortiz*, 2020 WL 5835323, at *4. Thus, the similarity of the issues indicates that application of the first-to-file rule is warranted.

Lastly, there is no evidence that the *Phillips* action was filed in bad faith, was the result of forum shopping, or that convenience factors favor this adjudication of the matter in this District. Accordingly, no equitable considerations counsel against application of the first-to-file rule. *See Ortiz*, 2020 WL 5835323, at *4 (citing *MeridianLink, Inc. v. DH Holdings, LLC*, Case No. CV 10-2708 ABC-JEMx, 2010 WL 11512182, at *2 (C.D. Cal. June 16, 2010)).

## II.     Dismissal is the Appropriate Remedy

Having found that application of the first-to-file rule is proper, the remaining question is whether transfer or dismissal is the appropriate remedy.

Defendants argue that this case should be dismissed to avoid duplicative litigation and inconsistent outcomes. ECF No. 8-1, at 8. Plaintiff requests transfer as opposed to dismissal, but has neither opposed Defendants' motion to dismiss on first-to-file grounds

nor articulated any reasoning for why transfer is a more appropriate remedy than dismissal. ECF No. 14.

"Transfer is proper under the first-to-file rule where the complaints raise similar, but not identical, claims and include similar, but not identical, plaintiffs." *Carrera v. First Am. Home Buyers Prot. Co.*, No. CV-09-7801-GHK-FFMX, 2009 WL 10674763, at *3 (C.D. Cal. Nov. 30, 2009). Here, the Court has found the plaintiffs and the claims in *McColley* and *Phillips* to be essentially identical, and Plaintiff has not produced any argument otherwise. Further, the Court finds that dismissal better reflects the aims of the first-to-file rule.

"Two main objectives of the first-to-file rule are (1) 'to avoid placing an unnecessary burden on the federal judiciary' and (2) 'to avoid the embarrassment of conflicting judgments.'" *Ortiz*, 2020 WL 5835323, at *4 (quoting *Church of Scientology*, 611 F.2d at 750). At its core, the rule exists to "serve[] the purpose of promoting efficiency." *Alltrade*, 946 F.2d at 625. Here, these considerations favor dismissal. If this action proceeds, there is a risk of conflicting results and wasted judicial resources. Indeed, "[t]his case involves the same causes of action, the same Defendants, the same location, the same employees, and the same core issues as in the [*Phillips*] action, and the Court sees no reason why two substantially similar matters warrant duplicative litigation." *Ortiz*, 2020 WL 5835323, at *4. Further, the *Phillips* action fully encompasses and provides redress for all allegations in *McColley*. *See id*. Thus, dismissal promotes efficiency in this case.

Plaintiff has also not presented any compelling reasons to allow this action to proceed. For example, Plaintiff has not argued this action is not duplicative of *Phillips*. *See King v. WinCo Holdings, Inc.*, No. 2:22-CV-05572-JLS-JDE, 2022 WL 18284892, at *3 (C.D. Cal. Nov. 8, 2022). Nor does Plaintiff argue that the *Phillips* action would provide insufficient remedies for the claims Plaintiff alleges. *See De La Cruz v. Target Corp.*, 2018 WL 3817950, at *2 (citing *Intersearch Worldwide, Ltd. v. Intersearch Grp.*,

*Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) ("Dismissal is proper where the court of first filing provides adequate remedies.")).

Additionally, Plaintiff does not argue that the *Phillips* case is likely to be dismissed, such that this action should be stayed, rather than dismissed. *See De La Cruz v. Target Corp.*, No. 18-CV-0867 DMS (WVG), 2018 WL 3817950, at *2 (S.D. Cal. Aug. 8, 2018); *Alltrade*, 946 F.2d at 629 ("Where the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed."). Though Judge Tigar granted the *Phillips* defendants' first motion to dismiss, he did so only on the grounds that the plaintiff failed to adequately allege Defendants' liability as joint employers, and did not otherwise consider the merits of plaintiffs' claims. *See Phillips*, No. 4:24-cv-03241-JST, Dkt. No. 22, at 1-2. The *Phillips* plaintiff has since filed an amended complaint. *Phillips*, No. 4:24-cv-03241-JST, Dkt. No. 30. Plaintiff does not demonstrate any concerns of dismissal, as she does not request a stay but a transfer to Judge Tigar's docket where the two cases may be consolidated. *See, e.g.*, *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1297 (N.D. Cal. 2013). Thus, the previous dismissal of the *Phillips* complaint does not persuade this Court to exercise its discretion to stay or transfer rather than dismiss this action.

The Court notes that the class in *Phillips* is not yet certified. However, even if the Court dismisses this action and *Phillips* does not proceed as a class action, Plaintiff will still be able to pursue her claims against Defendants. *See King*, 2022 WL 18284892, at *3. As this Court has previously explained:

> If the [*Phillips*] action results in a class settlement, the putative class members in this suit can obtain adequate relief, and Plaintiff will likewise have the opportunity to participate in the settlement or [s]he may opt out to pursue h[er] claims individually. In the event the [*Phillips*] court denies class certification, Plaintiff may litigate h[er] individual claims as an intervenor or pursue h[er] individual claims in a separate lawsuit. The putative class members may also proceed with their individual claims in an appropriate forum. The proposed class and the issues presented

>are essentially identical to those presented in the [*Phillips*] action, such that there is nothing to suggest this action would be certified while the [*Phillips*] action would not. This case is at its infancy, and allowing this case to proceed would both impede judicial efficiency and run a significant risk of conflicting judgments.

*See De La Cruz*, 2018 WL 3817950, at *2. *But see Carrera v. First Am. Home Buyers Prot. Co.*, No. CV-09-7801-GHK-FFMX, 2009 WL 10674763, at *3 (C.D. Cal. Nov. 30, 2009) (finding that the fact that no class had been certified in either case weighed in favor of transfer rather than dismissal.).

Considering the above, the Court exercises its discretion and grants Defendants' motion to dismiss pursuant to the first-to-file rule. Plaintiff has provided no compelling argument in favor of transfer rather than dismissal. She has not argued that this case is not duplicative of *Phillips*, that *Phillips* is likely to be dismissed, or that *Phillips* would provide inadequate remedies. In fact, Plaintiff has not offered any opposition to the motion to dismiss under the first-to-file rule. This failure permits the Court to grant the motion as unopposed. *See* Civ LR 7.1(f)(3)(c) ("If an opposing party fails to file [an opposition], that failure may constitute a consent to the granting of a motion[.]"); *Velasquez v. California*, 68 F. App'x 833, 834 (9th Cir. 2003) (affirming district court's granting of a motion to dismiss because plaintiff failed to oppose the motion per local rules); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond); *Hawk v. MortgageIt Inc.*, No. 08-CV-1922 W (NLS), 2009 WL 10671991, at *2 (S.D. Cal. Dec. 1, 2009) ("[T]he Court interprets Plaintiff's failure to oppose [defendant's] motion to dismiss as a consent to its merits.").

The Court finds that the *Phillips* action fully encompasses and provides redress for all allegations in this action. Thus, the Court concludes that dismissal best promotes efficiency in this case. *See, e.g.*, *Ortiz*, 2020 WL 5835323, at *4; *see also Dowell v. WinCo Holding, Inc.*, No. 5:23-CV-00976-JLS-JDE, 2023 WL 5276609, at *2 (C.D. Cal.

July 17, 2023); *King*, 2022 WL 18284892, at *3; *De La Cruz v. Target Corp.*, 2018 WL 3817950, at *2; *Alvarez v. Safelite Grp., Inc.*, No. 2-21-CV-07874-OD-WASX, 2022 WL 19569839, at *3 (C.D. Cal. Apr. 15, 2022).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the case based on the first-to-file rule, ECF No. 8. The Court DENIES as moot Defendants' motion to dismiss pursuant to Rule 12(b)(6), ECF No. 7. Plaintiff's claims are DISMISSED without prejudice.

IT IS SO ORDERED.

Dated:  January 13, 2026

                                            Hon. Gonzalo P. Curiel
                                            United States District Judge